ZARAT, PLAINTIFF AND APPELLANT, *v.* MUTUAL AID SOCIETY, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an Action To Enforce a Contract.

No. 1254.—Decided June 21, 1915.

RULES OF A SOCIETY.—A person who applies for a position in a society is bound by the interior rules thereof.

ID.—RECONSIDERATION OF VOTE OR RESOLUTION.—When the rules of a society place a wide discretion in the president to order or permit a reconsideration of any vote or resolution within a fixed period of time, such vote or resolution is not perfected until after the expiration of said time.

CONTRACT OF EMPLOYMENT—ELECTION TO OFFICE—ACCEPTANCE.—The mere fact that a person or a society reaches a conclusion regarding the election or appointment of a certain person to an office does not generally consummate the contract. Such election or appointment must first be communicated to the interested party by one having authority to do so.

ID.—IRREGULARITY IN APPOINTMENT.—In the absence of notice to the interested party of his appointment or election, the only persons having a right to complain of any irregularity in the action of the society are the members themselves.

The facts are stated in the opinion.

*Mr. Edward H. F. Dottin* for the appellant.

*Mr. Jacinto Texidor* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Substantially, the following facts appear in the opinion of the court below: On the 18th of November and on the 18th of December, 1913, the *Sociedad de Socorros Mutuos, "Los Amigos del Bien Público"* (Mutual Aid Society, "Friends of the Public Welfare"), published two announcements inviting the physicians resident and having a right to practise in the island to offer themselves as candidates for an election which the defendant was about to hold for the purpose of filling the vacant position of assistant physician of said society in San- turce. The complainant, Dr. Jacinto Zarat, entered the com- petition and on the night of December 23, 1913, his applica- tion, along with that of five other candidates, was submitted to a secret vote of the board of directors of the defendant. According to the statement of the minutes of the meeting, written by the secretary of the society, the voting took place, Dr. Zarat obtaining five votes, Dr. Salvador Ros three and Dr. Arsenio Vallecillo one, Dr. Zarat having been designated by a majority of votes to occupy the position of assistant phy- sician in Santurce from the first of January, 1914. On the same day, December 23, 1913, three of the directors, Marrero, Lora and Naranjo, presented a petition to the president ask- ing for the holding of an extraordinary meeting of the board of directors to reconsider the action taken by the board with regard to the nomination of the assistant physician of San- turce. By reason of this petition the president held the agreement in suspense and called a meeting of the board for the following day, December 24, 1913. Responding to this call, the board met and the reconsideration being ordered, a new voting took place for the said position and therein Dr. Zarat received five votes and Dr. Ros five. The voting was repeated and the vote was still a tie, whereupon the president cast the deciding vote in favor of Dr. Ros, to whom posses- sion of the position was given. The complainant alleged that at the meeting of December 23 he was definitely elected

assistant physician of such society, his services to begin January 1, 1914, and he insisted that the defendant society, in rescinding such contract, violently and unjustly, and without the consent of the said complainant, caused him damages which he estimates in the sum of $1,720, and he asked a judgment for that sum, with costs, expenses and counsel fees.

The defendant maintained that the contract was not consummated because the agreement as to the election of the complainant to said position was subject to a reconsideration if asked for by the members and because the president of the board of directors had twenty-four hours to carry out the agreement or entertain the motion for reconsideration which might be presented, and the defendant cited from 'rules 46, 86 and 87 of the rules of the society.

The court below was of the opinion that the appellant, by presenting his application in response to the announcements, was bound by the interior rules that governed the association, including the right of the society to reconsider any vote. The court was further of the opinion that no contract in this case was ever consummated inasmuch as the offer of Dr. Zarat was never duly accepted by the society and that consequently the consent required by law for the perfection of a contract was never obtained. Appellant maintains that the contract was perfected by the action of the association on the first night and that the reconsideration was entirely irregular and void. He apparently maintains that three members of the society who voted in the minority had no right to obtain a reconsideration. But rules 86 and 87 of the society placed a wide discretion in the president to order or permit a reconsideration of any question within twenty-four hours after a vote was taken, and we think the president had a right to permit such reconsideration with or without such solicitation.

Appellant maintains that as he was ignorant of the rules of the association and as they were not published in the announcements, he was not bound by them. We think it is a

matter of common knowledge that any one applying for a position in any association would be bound by the interior rules. Appellant also says that the society had, perhaps, a right to reconsider simple agreements but not to annul a contract. But if the rules were followed it is evident that the contract is not consummated until twenty-four hours after any particular voting.

Appellant always insisted that the subsequent action of the board was null and void because the contract was complete at the first meeting and argues that the second voting was void inasmuch as the president cast two votes. It appears that under the rules the president is authorized not only to vote originally, but to cast a deciding vote in case of a tie; but even if we are mistaken about this rule it is evident that the decision of the president announcing that Dr. Ros was elected was not attacked at the meeting itself.

And this brings us to another phase of the question. The mere fact that a person or an association reaches a conclusion that it will elect or appoint a certain person, does not generally consummate a contract. Something more is generally needed. If a man announces to his stenographer that he has made up his mind to accept a certain offer and the stenographer communicates the fact to the interested party, the contract is not made, because the acceptance must be communicated by one having authority to do so. In this case there never was a communication of the acceptance of the society to Dr. Zarat. The association had a right, we think, even outside of its rules, to delay communication. By an unanimous vote at any time before communication to Dr. Zarat, or perhaps with fewer votes, the association would have had the right to change its mind. The question of the communication of any intention to contract is interestingly treated in 9 Cyc., 246–272.

Another thing must be noticed in this case. It is not even suggested that any of the voting members thought the action

of the society in electing Dr. Ros was illegal. They were present and accepted the announcement of the election without apparent protest then or thereafter. We think that in the absence of a communication to Dr. Zarat of the acceptance of his offer the only persons who had a right to complain of the irregularity of the action of the society were the members themselves.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.